Filed 2/23/24  Utterback v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LILY UTTERBACK, | |
| Petitioner, | E083216 |
| v. | (Super.Ct.No. FVI23003836) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Zahara T. Arredondo, Judge.  Petition granted.

Civil Rights Corps, Katherine Hubbard and Carson White, for Petitioner.

No appearance for Respondent.

Jason Anderson, District Attorney, and Brent J. Schultze, Deputy District Attorney, for Real Party in Interest.

1

INTRODUCTION

Petitioner seeks a writ of habeas corpus compelling the superior court to order petitioner's release on bail. After reviewing the writ petition, this court construed the filing as a petition for writ of mandate and invited respondent and real party in interest to file a response. The People filed a response arguing the trial court's lack of express findings amount to technical errors and this court should interpret the trial court's findings as implied. We disagree, and therefore grant the petition and issue a peremptory writ in the first instance directing the superior court to vacate its order setting petitioner's bail at "no bail" and hold a new hearing at which it considers petitioner's motion for bail reduction in a manner that is consistent with article I, section 12, subdivision (b), of the California Constitution and this court's decision in *Yedinak v. Superior Court of Riverside County* (2023) 92 Cal.App.5th 876 (*Yedinak*).

FACTUAL AND PROCEDURAL HISTORY

Petitioner is a 19-year-old charged with murder stemming from a June 2023 traffic collision in which one of her passengers died and two others were injured. Petitioner drove several of her friends to Lake Havasu days prior to the incident. It is alleged that during that drive, one of the passengers told her she was driving erratically and "crazy." On the drive home, one of the passengers told petitioner to just drive straight, get them where they needed to go, and stop messing around. Petitioner, not heeding her passenger's warning, intentionally drove into oncoming traffic several times, appearing to smile as another passenger recorded her swerving. It is purported that petitioner

intentionally drove onto the shoulder where she lost control and flipped her vehicle several times. One of her passengers died as a result of the incident, and the other two were injured.

Petitioner has no prior traffic violations and no criminal history other than a charge for trespassing which was diverted. The People filed a felony complaint charging petitioner with murder approximately six months after the collision. Petitioner was subsequently arrested and held in custody. During her arraignment, her bail was set at $1 million. Petitioner filed a motion for bail reduction, which was heard on January 16, 2024. At the hearing, petitioner offered to pay $100,000 bail, submit to GPS monitoring, and relinquish her driver's license. Petitioner argued these measures, along with her deep ties to the community and her lack of criminal history, would serve to protect the public and ensure her return to court. In addition to discussing the facts of the incident, the People argued petitioner is a thrill seeker and although she has only one prior law enforcement contact, the trespass charged stemmed from an incident in January 2023 where she trespassed on a bridge 185 feet above the water in order to take photos. The People also noted that petitioner has a tattoo depicting the chemical compounds that make up adrenaline.

Following argument and a statement from the decedent's father requesting that petitioner remain in custody, the trial court found clear and convincing evidence that petitioner's release would result in great bodily harm to others pursuant to article I, section 12, subdivision (b) of the California Constitution. In considering public safety

3

under Penal Code section 1275, the court found that neither the public nor petitioner's passengers were protected on the day petitioner was driving. Based on these grounds, the court denied bail without reference to petitioner's proposed conditions of release. The trial court's minute order indicates, "In accordance with [*In re Humphrey* (2021) 11 Cal.5th 135], the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the protection of the public or safety of the victim. The Court also finds that there are no less restrictive means to protect the public and the victim and ensure future court appearances." However, these findings were not reflected in the hearing transcripts.

## STANDARD OF REVIEW

A trial court's decision on bail is reviewed for abuse of discretion. (*In re White* (2020) 9 Cal.5th 455, 469 (*White*). We review the trial court's factual findings as they relate to bail for substantial evidence and any legal conclusions are reviewed de novo. (*Id.* at p. 470.)

## DISCUSSION

The California Constitution, article I, section 12, states that a person shall be released on bail by sufficient sureties with certain exceptions, including for "[f]elony offenses involving acts of violence on another person . . . when the facts are evident or the presumption great and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others." (Cal. Const., art. I, § 12, subd. (b).) Our Supreme Court has ruled that "[a]n

4

arrestee may not be held in custody pending trial unless the court has made an individualized determination that (1) the arrestee has the financial ability to pay, but nonetheless failed to pay, the amount of bail the court finds reasonably necessary to protect compelling government interests; or (2) detention is necessary to protect victim or public safety, or ensure the defendant's appearance, and there is clear and convincing evidence that no less restrictive alternative will reasonably vindicate those interests." (*In re Humphrey* (2021) 11 Cal.5th 135, 156 (*Humphrey*).)

In denying bail under the California Constitution, article I, section 12, subdivision (b), the trial court must satisfy four legal requirements:  "(1) find there is sufficient evidence to sustain a guilty verdict against the arrestee on a qualifying felony; (2) find by clear and convincing evidence a substantial likelihood that the arrestee's release would result in great bodily harm to others; (3) find by clear and convincing evidence that no less restrictive condition than detention can reasonably protect the interests in public or victim safety, and the arrestee's appearance in court; and (4) set forth the reasons for their decision on the record and include them in the minute order." (*Yedinak*, *supra*, 92 Cal.App.5th at p. 886.)

Further, "without a clear statement of the judge's findings and reasoning, we cannot ascertain on appeal whether the pretrial detention safeguards" were properly employed.  (*Yedinak*, *supra*, 92 Cal.App.5th at p. 887.)  While there is no magic language required, "[w]hat is required is a statement that articulates the judge's 'evaluative process,' set out ' "with sufficient specificity to permit meaningful review." ' " (*Ibid.*,

5

quoting *In re Harris* (2021) 71 Cal.App.5th 1085, 1105, fn. 10, review granted Mar. 9, 2022, S272632.) "The need to consider other less restrictive alternatives is particularly important . . . where the defendant has been released . . . [for a substantial period of time] without posing a threat to public safety." (*Yedinak*, at p. 888.)

Here, the transcript of the bail proceedings is nearly devoid of the trial court's analytical process regarding *future* likelihood of great bodily harm or the possibility that less restrictive alternative means could reasonably protect the public. For the reasons articulated in *Yedinak*, this court cannot presume or assume the trial court's reasoning and the absence of affirmative statements by the trial court prevents this court from engaging in a meaningful review of the trial court's analytical process. The People argue the trial court's recitation of the proper standard is sufficient to overcome its lack of express findings and characterizes the trial court's omissions as "technical failings." However, the absence of any express statement demonstrating the trial court engaged in a deliberative process regarding less restrictive alternatives amounts to more than "technical failings." This is especially true for defendants, like petitioner, who remained out of custody for a substantial period of time prior to being held without bail, having no further incidents that demonstrate a risk to public safety.

While we agree with the People that the trial court is not expected nor required to disregard the serious nature of the charged conduct, the trial court must articulate some basis for concluding that a defendant will present a danger in the future. In this case, the trial court fails to explain why petitioner would present a continued danger when her

6

proposed conditions of release included posting of $100,000 bail, submitting to GPS monitoring, and relinquishing her driver's license. Without at least some express reason as to why the proposed conditions would be inadequate to abate the risk petitioner arguably presents to the public and prevent her from engaging in reckless or thrill-seeking behavior, the court's statement of reasons for holding petitioner without bail does not meet the requirements of article I, section 12, subdivision (b), of the California Constitution and *Humphrey*. As such, a new hearing must be held. It is thus unnecessary to reach the question of whether the order lacks evidentiary support.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the respondent superior court to vacate its pretrial detention order of January 16, 2024, and hold a new hearing at which it considers petitioner's motion to for bail reduction in a manner that is consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER\
Acting P. J.

We concur:

RAPHAEL\
J.

MENETREZ\
J.

7